IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DYLAN D. TALLMAN,

                Plaintiff,

  v.

DCI WARDEN JASON BENZEL, DCI DEPT.
WARDEN, D.C.I. SECURITY DIRECTOR,
MARATHON COUNTY JAIL ADMINISTRATOR         OPINION and ORDER
SANDRA, MARATHON COUNTY DEPT. JAIL
ADMIN. DEB GLEASON, AGENT TINA PERKOFSKI,         22-cv-450-jdp
SUPERVISOR AGENT CATI-DENFIIELD,
REGIONAL CHIEF LOSEE FOR MARATHON
COUNTY DIVISION OF COMMUNITY
CORRECTIONS, and ADMINISTRATOR BRIAN
HAYES,

                Defendants.

---

    Pro se plaintiff Dylan D. Tallman has filed a complaint and a supplement to his complaint under 42 U.S.C. § 1983 about his detention at Dodge Correctional Institution. Tallman doesn't clearly summarize his claim, but I understand him to be contending that various state and county officials are collectively responsible for detaining him since March 2022 on a probation hold, in violation of both state and federal law. The case is before the court for screening under 28 U.S.C. § 1915(e)(2) and § 1915A.

    I must dismiss the case because a prisoner cannot challenge the validity of his confinement in a civil lawsuit brought under § 1983. "Habeas is the exclusive [federal] remedy . . . for the prisoner who seeks immediate or speedier release from confinement." *Skinner v. Switzer*, 562 U.S. 521, 525 (2011). And a prisoner may not file a habeas petition in federal court until he exhausts his remedies in state court. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (to exhaust state court remedies, petitioner

"must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including filing a petition for discretionary review with state's highest court).

Tallman seeks damages rather than release in his complaint, but that doesn't matter. *See Skinner*, 562 U.S. at 533. Rather, the question is whether a decision in the prisoner's favor would necessarily imply that his confinement is unlawful. *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005). Tallman's complaint meets that standard because the focus of both his complaint and supplement is that defendants are unlawfully detaining him at the Dodge prison.

In addition to challenging his current confinement, Tallman also says that previous probation holds were unlawful. It isn't clear whether he is bringing separate claims to challenge those previous detentions, but even if he is, those claims fail too. A plaintiff may not use § 1983 to challenge the validity of his confinement, past or present, even if it is too late to seek habeas relief now. *Savory v. Cannon*, 947 F.3d 409, 420 (7th Cir. 2020).

The bottom line is that a party may not seek damages for unlawful confinement unless the conviction or other basis for the confinement "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Tallman hasn't done any of those things, so I will dismiss the case without prejudice.

One final note. Much of Tallman's complaint is about alleged violations of state law by defendants. If Tallman chooses to file a petition for a writ of habeas corpus after exhausting his remedies in state court, he will not be able to challenge state-law violations in his petition. *See Perruquet v. Briley*, 390 F.3d 505, 511 (7th Cir. 2004).

ORDER

IT IS ORDERED that this case is DISMSSED without prejudice to plaintiff Dylan D. Tallman's refiling it after the basis for his past or present confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. The clerk of court is directed to enter judgment and close the case.

Entered December 1, 2022.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge